104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA, Plaintiff,
v.
Rosa Ronquillo MARIANO; Emeline Mariano, Elmira Mariano and
Elmer Mariano, Defendants-Appellants,
Consolacion Vergara, Defendant-Appellee.
 No. 96-7026.
 United States Court of Appeals, Second Circuit.
 Sept. 16, 1996.
 
 Elias Ronquillo, pro se, Yonkers, NY.
 Stefanie Fishman, Rogovin Golub Bernstein & Wexler, New York, NY.
 Present: NEWMAN, Chief Judge, OAKES, CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by appellants pro se and by counsel for appellee.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Rosa Ronquillo Mariano, the widow of Emilio Mariano, and her three children appeal, pro se, from the judgment, entered December 12, 1995, in an interpleader action, awarding the proceeds of Emilio's life insurance policy to Emilio's sister, Consolacion Vergara. The appeal has been briefed on behalf of the appellants by Elias Ronquillo, acting pro se, who is the brother of Rosa Ronquillo Mariano. We will assume, for purposes of this appeal, that Elias Ronquillo may pursue this appeal as next friend for his sister and her children.
 
 
 4
 The disputed issue at trial before the Magistrate Judge was whether Rosa Mariano and her children had sustained their burden of proving that the change of beneficiary, executed by Emilio shortly before his death in favor of his sister, was invalid. The Magistrate Judge ruled that this burden of proof had not been sustained, and there is no basis for disturbing his conclusion.